UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HINDA A., | |
| Plaintiff, | Case No. C19-1990-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in determining her impairments, in failing to fully develop the record, in assessing the medical record, and in evaluating her subjective testimony. (Dkt. # 23 at 1-2.[1]) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1968; graduated from high school in Somalia and completed ESL and interpreter coursework as well as additional training in office administration in the United

---

[1] The docket contains multiple filings bearing the title of Plaintiff's opening brief, most of which are identical or at least raise the same issues. (Dkt. ## 20, 23, 24, 25.)

ORDER - 1

States; and previously worked as a housing case manager, driver, and home health caregiver. AR at 67-68, 74-78, 99. Plaintiff was last gainfully employed in September 2013. *Id*. at 349.

In September 2014, Plaintiff protectively applied for benefits, alleging disability as of September 27, 2013. AR at 248-60. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 172-75, 178-91. After the ALJ conducted a hearing on November 21, 2016 (*id*. at 50-111), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 20-40.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: osteoarthritis of the right arm, fibromyalgia, spinal impairment, right shoulder impairment, right epicondylitis, carpal tunnel syndrome, pain/somatic disorder, affective disorder, and anxiety disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she cannot climb ladders, ropes, or scaffolds. She can frequently crawl. She can frequently handle and reach with her right upper extremity. She should avoid concentrated exposure to hazards. She can perform simple, routine tasks, in a routine environment with simple work-related decisions. She can have brief interactions with co-workers. She can have incidental interaction with the public, but interaction with the public should not be a requirement of her job duties.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 20-40.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner's final decision. AR at 6-11. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err at Step Two

Plaintiff contends that the ALJ erred by denying her claim "due to not having enough medically determinable severe [i]mpairment[s.]" (Dkt. # 23 at 1.) At step two, a claimant must

make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). If a claimant does not have any severe impairment(s), the ALJ's inquiry stops the claimant is not disabled, but in this case, the ALJ found that several of Plaintiff's medically determinable impairments were severe.[4] AR at 22-23. Thus, to the extent that Plaintiff assigns error to the ALJ's step-two determination, Plaintiff's argument is rejected.

### B. The ALJ Did Not Err in Assessing the Medical Evidence

Plaintiff argues that the ALJ erred in assessing the medical evidence in several ways. First, Plaintiff argues that the ALJ erred in failing to prioritize the objective medical evidence over the medical opinions. (Dkt. # 23 at 2, 17-18, 22 (citing Program Operations Manual System ("POMS") DI 24503.005, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424503005 (last accessed October 9, 2020)).) POMS DI 24503.005 does not prescribe a hierarchy of evidence with objective medical evidence at the top, however; it simply lists the different categories of evidence. Thus, Plaintiff has not established error in the ALJ's failure to consider the medical evidence in a particular order or with a certain prioritization.

Next, Plaintiff argues that the ALJ erred in crediting examining and non-examining source opinions over treating source opinions, because the examining and non-examining sources were less familiar with Plaintiff and were biased in favor of closing her workers' compensation claim. (Dkt. # 23 at 18-20.) But a treating physician's opinion is not automatically entitled to controlling or even significant weight in a disability adjudication: a treating source's opinion may be discounted if an ALJ provides specific, legitimate reasons to do so. *See Lester v.*

---

[4] The ALJ did reject any contention of a vision impairment, however. AR at 23. In her reply brief, Plaintiff argues that she had never alleged a vision impairment (dkt. # 28 at 12-13), but Plaintiff is mistaken: at the administrative hearing, she alleged that she lost vision in her right eye as a result of her right arm impairment. AR at 85.

ORDER - 4

*Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ thoroughly discussed the medical opinions from treating, examining, and non-examining sources, and provided multiple reasons to credit the opinions of certain sources over others. AR at 33-38. And although Plaintiff suggests that the credited sources were biased (dkt. # 23 at 18), she has not pointed to any impropriety; a source's recommendation to close a workers' compensation claim does not demonstrate bias. Plaintiff has not challenged any of the ALJ's reasons for discounting certain opinions, and thus has failed to show error in the ALJ's assessment of those opinions.

Plaintiff goes on to argue that the ALJ failed to consider certain pieces of evidence. (Dkt. # 23 at 20-21.) She points to the records of occupational therapist Bobeya Krishnek, OT, and claims that the ALJ failed to consider them. (Dkt. # 23 at 20 (citing AR at 1064-67, 1083-84, 1087-90).) The ALJ did reference the exhibit with notes from Ms. Krishnek and her colleagues in the opinion, however. *See, e.g.*, AR at 26 (citing *id*. at 1105), 30 (citing *id*. at 1064, 1071, 1107-08), 32 (citing *id*. at 1105). Furthermore, an ALJ is not required to discuss every piece of evidence in the record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"). That the ALJ did not discuss a particular therapy note is not error here, because Plaintiff has not shown that any individual note is significant and probative as to the ALJ's disability determination.

Plaintiff also points to a variety of evidence that she contends shows that her physical and mental conditions are severe. (Dkt. # 23 at 20-21.) The ALJ agreed that Plaintiff has severe physical conditions (AR at 22-23), and discussed the evidence cited by Plaintiff (*id*. at 33-38) addressing her mental conditions. That Plaintiff posits an alternative interpretation of the evidence does not establish error in the ALJ's decision. *See Morgan v. Comm'r of Social Sec.*

ORDER - 5

*Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

For all of these reasons, the Court finds that Plaintiff has failed to demonstrate the existence of a harmful legal error in the ALJ's assessment of the medical evidence. Although Plaintiff emphasizes various pieces of evidence that she contends would support a finding of disability (dkt. # 23 at 16-22), she has not shown that the ALJ's disability determination was not supported by substantial evidence or contained harmful legal error, and therefore the Court rejects her challenge to the ALJ's assessment of the medical evidence. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

### C.     The ALJ Did Not Breach the Duty to Fully Develop the Record

Plaintiff argues that the ALJ erred by not obtaining all of her workers' compensation records before rendering a decision. (Dkt. # 23 at 2, 18, 21-22.) But at the hearing, Plaintiff's counsel represented to the ALJ that the record was complete. AR at 55. During the hearing, the ALJ asked whether Plaintiff had a transcript of the hearing in the workers' compensation proceeding, and counsel represented that she would request one. *Id*. at 71. The ALJ held the record open to allow that transcript to be submitted and any other missing evidence (*id*. at 109-10), but nothing was submitted. *Id*. at 20.

Plaintiff now contends that the ALJ did not have all of the medical evidence generated as part of her workers' compensation claim. (Dkt. # 23 at 21-22.) But counsel told the ALJ that the record was complete, and was given an additional opportunity to submit any missing evidence after the hearing, and did not file anything. Counsel's representation at the hearing and Plaintiff's

failure to submit any additional evidence while the record was held open not only undermines the argument Plaintiff makes to this Court, but also demonstrates that Plaintiff did not meet her burden to present all evidence relevant to her claim, to the extent that any evidence is missing. *See* 20 C.F.R. §§ 404.1512, 416.912. Accordingly, in light of Plaintiff's counsel's representation that the record is complete and failure to submit any additional evidence although provided an opportunity to do so, the Court finds that Plaintiff has not shown that the ALJ breached the duty to fully develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that the ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Plaintiff also suggests that because one of her providers reported that no relevant medical evidence existed (*see* AR at 957), the ALJ did not have a complete record. (Dkt. # 23 at 23-24.) Plaintiff has not shown that the agency's request for evidence was inadequate, or that the provider improperly withheld evidence that would have been responsive to the request. Thus, this argument does not establish that the record before the ALJ was incomplete.

### D. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony

The ALJ provided several reasons to discount Plaintiff's subjective testimony: (1) Plaintiff was able to work for some period of time even with the impairments that she now claims are disabling; (2) the objective medical evidence shows generally normal functioning before and after Plaintiff's alleged onset date, which is inconsistent with her allegations of disabling limitations; (3) the record contains many instances of Plaintiff's exaggerating symptoms in an attempt to receive benefits; (4) Plaintiff has not always complied with beneficial treatment; (5) Plaintiff's activities (exercising, ESL and interpreter classes, travel, and driving)

are inconsistent with her physical and mental allegations; and (6) Plaintiff received unemployment benefits during a period in which she now claims to have been disabled. AR at 27-33. Absent evidence of malingering, an ALJ's reasons to discount a claimant's subjective testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff offers a limited challenge to the ALJ's assessment of her subjective allegations, contending that the ALJ inaccurately described her hearing testimony in the decision with respect to her activities. (Dkt. # 23 at 23.) First, Plaintiff argues that the ALJ found that she had traveled by herself in 2013, 2014, 2015, and 2016, when she did not travel at all in 2015 and traveled with her children in 2013 and 2014. (*Id.*) Plaintiff's version of her travel activities is consistent with her hearing testimony (AR at 60-65), and the ALJ indicated that Plaintiff had traveled by herself more frequently than she testified she had, and the ALJ did not cite any other evidence (except hearing testimony) as support for her summary. *Id.* at 32. Thus, to the extent that the ALJ relied on Plaintiff's purportedly solo travel as a reason to discount her allegations, this was error. This error is harmless, however, in light of the ALJ's multiple other valid reasons to discount Plaintiff's subjective allegations, particularly the evidence suggesting malingering. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d at 1162-63 (9th Cir. 2008).

Plaintiff also contends that the ALJ misstated her education level: she affirms that she graduated from high school. (Dkt. # 23 at 23.) But the ALJ stated the same. AR at 39. The ALJ referenced ESL classes and interpreter training that Plaintiff completed (*id.* at 32), but did not suggest that Plaintiff has a college degree. Thus, Plaintiff has not identified any error in the ALJ's description of Plaintiff's education.

Lastly, Plaintiff argues that the ALJ erred in finding her ability to drive to be inconsistent with her allegations, because her driving is limited to short, necessary trips. (Dkt. # 23 at 23.) The ALJ did mention Plaintiff's ability to drive (AR at 25-26 (discussing Plaintiff's ability to drive when assessing her ability to adapt or manage herself, at step three), 32 (finding Plaintiff's ability to drive inconsistent with her allegation of a general inability to use her right arm)), but did not suggest that she was driving more than she now claims she does. Plaintiff has not identified any inaccuracy in the ALJ's findings regarding her driving.

Because Plaintiff has not shown the existence of harmful legal error in the ALJ's assessment of her testimony, the Court affirms this portion of the ALJ's decision.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 9th day of October, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge